UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CARLOS TERRY,

    Petitioner,

v.

TIMOTHY STEWART,
*Warden, FCI Cumberland,* and
UNITED STATES OF AMERICA,

    Respondents.

Civil Action No. TDC-15-0841

## MEMORANDUM OPINION

On March 23, 2015, Carlos Terry, who is currently incarcerated at the Federal Correctional Institution in Cumberland, Maryland, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in which he challenged his sentence resulting from his conviction on multiple drug offenses and a firearm offense. Presently pending before the Court is the Government's Motion to Dismiss, filed on August 27, 2015. The Motion is fully briefed and ready for disposition. A hearing is not necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion is GRANTED.

### BACKGROUND

On October 4, 1994, Terry was convicted after a jury trial in the United States District Court for the Eastern District of Pennsylvania of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), use of a telephone to facilitate a drug felony, in violation of 21 U.S.C. § 843(b), carrying and using a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c),

and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). *United States v. Terry*, No. 92-119-07, 1997 WL 438831 at *1 (E.D. Pa. July 24, 1997) ("*Terry I*"). On January 5, 1995, the court sentenced him to 360 months of imprisonment, as well as a consecutive sentence of 120 months of imprisonment on the § 924(c) offense. *Id.* Terry filed a direct appeal to the United States Court of Appeals for the Third Circuit, which was denied on November 9, 1995. *United States v. Terry*, 72 F.3d 125 (3d Cir. 1995).

Following his direct appeal, Terry filed his first petition under 28 U.S.C. § 2255 in the Eastern District of Pennsylvania, arguing that his sentence should be vacated because of the Supreme Court's recent decision in *Bailey v. United States*, 516 U.S. 137, 144 (1995) (holding that a conviction under a statute which criminalizes "use" of a firearm during and in relation to a drug trafficking offense requires evidence to show active employment of the firearm by the defendant). *Terry I*, 1997 WL 438831 at *1. The District Court agreed, and on July 24, 1997, it granted relief under § 2255 and vacated Terry's § 924(c) conviction and the 120-month consecutive sentence in light of *Bailey*. *Id.* However, the District Court did not agree with Terry's additional arguments that his conviction was obtained in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), that he received ineffective assistance of counsel, and that his conviction was secured in violation of his rights under the Fifth and Sixth Amendments to the United States Constitution. *Terry*, 1997 WL 438831 at *1–6. Therefore, Terry remained incarcerated based his conviction on the remaining counts.

In January 2001, Terry filed a second § 2255 petition based on alleged due process violations and a claim that the indictment was unconstitutional. His petition was denied for failure to meet the requirements for filing a second or successive § 2255 motion. *United States v. Terry*, 100 F. App'x 68, 70 n.1 (3d Cir. 2004).

On October 23, 2002, Terry filed a third § 2255 petition in the Eastern District of Pennsylvania, arguing that he should have a new sentencing hearing. *See Terry*, 100 F. App'x at 69. On March 11, 2003, the District Court denied that petition as moot. *Id.* The Third Circuit ruled on appeal that the District Court had lacked jurisdiction to address the § 2255 petition because it was successive and that Terry had failed to obtain pre-filing authorization. *Id* at 69–70.

On July 24, 2013, Terry sought permission from the Third Circuit to file another § 2255 petition on several grounds, including that he was "actual[ly] innocent of being a career criminal," because of the "newly discovered evidence" that his prior conviction for simple assault should not have been a predicate offense for his designation as a career offender under U.S.S.G. § 4B1.1 because that offense was not a crime of violence. Pet. ¶ 10. On December 1, 2013, the Third Circuit denied the request as not meeting the criteria for authorizing a second or successive § 2255 petition. A court of appeals may permit a second or successive petition only if it is based on: (1) "newly discovered evidence, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"; or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

On March 23, 2015, Terry filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Terry asserts three grounds for habeas relief, all related to his sentencing as a "career criminal," specifically his sentencing as a career offender under U.S.S.G. § 4B1.1. Pet. ¶ 13 (referencing U.S.S.G § 4B1.1). Challenging several of his predicate prior convictions used to support the determination that he was a career offender, Terry argues that (1) he is "actually

innocent" of conspiracy to commit aggravated assault because he was convicted of only conspiracy to commit "[s]imple" assault; (2) neither simple assault nor conspiracy to commit simple assault under the Pennsylvania criminal code qualifies as a crime of violence for purposes of serving as a predicate offense under U.S.S.G. § 4B1.1 because each lacks an element of "use of force"; and (3) he is thus "actually innocent" of being a career offender, citing *Descamps v. United States*, 133 S. Ct. 2276, 2293 (2013) (holding that courts may not apply the modified categorical approach in determining whether a prior conviction is a predicate offense under the Armed Career Criminal Act, 18 U.S.C. 924(e), where the predicate crime of conviction has a single indivisible set of elements). Pet. ¶ 13. As relief, Terry requests that his sentence based on the career offender enhancement be vacated and that he be resentenced "under applicable sentencing laws in conjunction with Supreme Court rulings." *Id.* ¶ 15. Without the career offender enhancement, which resulted in a guideline range of 360 months to life, Terry's total offense level was 38 and he had seven criminal history points (category IV), so the guideline range would have been 324-405 months, encompassing his actual sentence of 360 months.

## DISCUSSION

Defendants convicted in federal court must seek *habeas corpus* relief from a conviction or sentence through 28 U.S.C. § 2255. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). Section 2255 is the appropriate legal vehicle for petitioners to seek relief when they are claiming "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

A federal prisoner cannot challenge his conviction and sentence under 28 U.S.C. § 2241 unless 28 U.S.C. § 2255(e), the "savings clause," applies. *See United States v. Surratt*, 797 F. 3d 240, 247 (4th Cir. 2015). The savings clause provides that a prisoner may file a petition for a writ of *habeas corpus* under § 2241 if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e). The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *See In re Malone*, No. 95-8051, 1996 WL 23360 (4th Cir. Jan. 23, 1996); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

In *In re Jones*, 226 F.3d 328 (4th Cir. 2000), the United States for the Court of Appeals for Fourth Circuit set forth three requirements that must be met in order to demonstrate that § 2255 provides inadequate relief: (1) "at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction"; (2) "subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal"; and (3) "the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *Id.* at 333–34.

Terry is not entitled to the application of the savings clause because the substantive law has not changed such that the conduct of which he was convicted is not deemed criminal. *See id.* at 334. 21 U.S.C. § 846 still prohibits conspiracy to distribute cocaine; 21 U.S.C. § 841(a)(1) still prohibits possession of cocaine with intent to distribute; 21 U.S.C. § 843(b) still prohibits use of a telephone to facilitate a drug felony; and 18 U.S.C. 922(g)(1) still prohibits possession of a firearm by a convicted felon. Terry has not alleged that his prior conduct no longer satisfies the elements of those offenses.

5

Terry counters that following *Descamps*, he should not have been categorized as a career offender at sentencing and is therefore "actually innocent." Pet. ¶ 13. In *Surratt*, however, the Fourth Circuit rejected a substantially similar argument. There, a prisoner filed a *habeas* petition under § 2241 seeking resentencing after intervening law arguably made him no longer eligible for a sentencing enhancement that had resulted in a life sentence on a drug distribution conviction. 797 F.3d at 245–46. The court noted that pursuant to the § 2255 savings clause, the claim could not be raised in a § 2241 petition because the argument that a sentencing enhancement no longer applied did not relate to actual innocence. *Id.* at 250. The court reasoned that "*Jones* opened a narrow gateway to § 2241 relief for certain prisoners found actually innocent of their offenses of conviction, allowing relief only where the acts for which the defendant was convicted are not a crime." *Id.* at 247. "To say that a petitioner can be 'actually innocent' of a sentencing enhancement, rather than an element of the actual crime, would require a great deal of both verbal and logical gymnastics." *Id.* (citations omitted).

Terry, however, cites *United States v. Maybeck*, 23 F.3d 888 (4th Cir. 1994), in which the Fourth Circuit reached a seemingly contradictory conclusion in finding that the argument that the career offender sentencing enhancement no longer applied implicated "actual innocence." *Id.* at 892 ("There is no question, however, that on the record we review, Maybeck is actually innocent of being a career offender."). But in *Surratt*, the Fourth Circuit distinguished *Maybeck* and related cases by asserting the principle that "[a]ctual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." *Surratt*, 797 F.3d at 250 (quoting *United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010)). In *Maybeck*, the petitioner had mistakenly informed the probation office that he had been convicted of the crime

of armed burglary, which was then used as a career offender predicate offense, when in fact he had been convicted of a different offense. *Maybeck*, 23 F.3d at 890; *see also United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (rejecting an "actual innocence" argument where the defendant argued not that he never committed the predicate offense of assault, but that the conviction was misclassified as a "violent felony" under the Armed Career Criminal Act).

Here, although Terry claims that he was never convicted of conspiracy to commit aggravated assault,[1] he acknowledges that he was convicted of simple assault. The Presentence Report indicates that he had two separate assault convictions, one for "simple assault" and one for "assault," PSR ¶¶ 84 & 86, which at the time were sufficient to establish career offender status. U.S.S.G. § 4B1.1(a); *see United States v. Dorsey*, 174 F.3d 331, 332-33 (3d Cir. 1999) (holding that simple assault under Pennsylvania law was a "crime of violence" for purposes of the career offender guideline). Thus, Terry's claim is not that he did not factually commit those crimes, but that the legal classification of simple assault has changed after *Descamps*, which arguably does not permit the use of the modified categorical approach to assess whether a conviction for simple assault was of a form involving intentional or knowing conduct.[2] *See Descamps*, 133 S. Ct. at 2293. Moreover, the *Surratt* court emphasized that *Pettiford* and *Maybeck* involved the more permissive decision whether to excuse procedural default and allow a claim to be raised through a § 2255 petition, while *Surratt* was interpreting the "narrow

---

[1] The Presentence Report indicates that Terry had a conviction for "criminal conspiracy," but does not specify whether it was for conspiracy to commit aggravated assault or simple assault. PSR ¶ 85.

[2] In *United States v. Johnson*, 587 F.3d 203 (3d Cir. 2009), the Third Circuit narrowed the holding in *Dorsey* by finding that only simple assault committed intentionally or knowingly, as opposed to recklessly, constitutes a crime of violence for career offender purposes. *Id.* at 212.

exception" of a § 2241 petition permissible under the savings clause of § 2255(e). *Surratt*, 797 F.3d at 250.

*Surratt* controls here. As in *Surratt*, Terry seeks to use a § 2241 petition to secure resentencing based on the argument that intervening law has changed the classification of his prior convictions so that a sentencing enhancement no longer applies. But *Surratt* thoroughly analyzed the text of § 2255(e), congressional intent, the traditional interplay between § 2255 and § 2241, and constitutional considerations and found no basis to permit a § 2241 petition for such a challenge. *See id.* at 268–69. The fact that Terry has already unsuccessfully sought permission from the Court of Appeals to assert his argument in a successive § 2255 petition does not matter. *See id.* ("We have stressed that § 2255(e) will not permit an individual's § 2241 petition merely because the individual has been unable to obtain relief under § 2255 or because an individual has been procedurally barred from filing a § 2255 motion.") (quoting *In re Vial*, 115 F.3d 1192, 1194 n.4 (4th Cir. 1997)). Thus, under § 2255(e), Terry cannot bring a § 2241 petition to assert this claim. *See id.* at 250–51, 268–69. The Court therefore must dismiss this unauthorized *habeas* petition for lack of jurisdiction. *See Rice*, 617 F.3d at 807.

## CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss is GRANTED. A separate Order shall issue.

Date: March 21, 2016

THEODORE D. CHUANG
United States District Judge